UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                              CASE NO. 8:13-CV-2372-T-EAK-MAP

JEREMIAS TORRES, ROSA M. TORRES,
and BANK OF AMERICA, NA.,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

       The cause is before the Court on Plaintiff's motion for partial summary judgment against Jeremias Torres (Motion) (Doc. 22); response thereto (Doc. 23); and a reply to the response (Doc. 26). The response to the Motion pointed out that the Plaintiff had failed to attach Exhibit A (copies of INTST computation transcripts) to the Declaration of Caryn Silverman and asserted that without the computation transcripts the Motion was not supported by any evidence. The response made no other objections to the Motion. The Plaintiff's reply attached a copy of the Declaration of Caryn Silverman with Exhibit A included in support of their motion for partial summary judgment and asserted that even without Exhibit A the Motion was supported by sufficient evidence.

CASE NO. 8:05-CIV-1086-T-17-MAP

## **STANDARD OF REVIEW**

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996-7 (5th Cir. 1979), (quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir. 1969)). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, at p. 274. The Court must "draw inferences from the evidence in the light most favorable to the non-movant and resolve all <u>reasonable</u> doubts in that party's favor." *Speciality Malls of Tampa v. The City of Tampa*, 916 F.Supp 1222 (Fla. M.D. 1996) (emphasis added). A court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.'" *Mize v. Jefferson City Board of Education*, 93 F.3d 739, 743 (11th Cir. 1996)

CASE NO. 8:05-CIV-1086-T-17-MAP

A court, however, may only consider "that evidence which can be reduced to an admissible form." *Rowell v. BellSouth Corp.,* 433 F.3d 794, 799 (11th Cir. 2005). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* In considering the evidence, the court resolves all reasonable doubts about the facts in favor of the non-moving party and draws all justifiable inferences in its favor. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). The court does not, however, weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249-50.

## BACKGROUND AND FACTS

This action was filed on September 13, 2013, to obtain a judgment for unpaid federal income tax liabilities assessed against Jeremias Torres, to foreclose on federal tax liens on property purportedly held by Rosa M. Torres, and to sell real property. The United States also named Bank of America, NA, as a defendant to this action pursuant to Section 7403(b) of the Internal Revenue Code (Title 26, United States Code), as a party that may claim a lien upon or an interest in the real property in issue. The Court issued a default judgment against Bank of America on February 4, 2014, extinguishing its rights in the property at foreclosure sale and allowing the United States to sell the property free and clear of any interest it may claim. (Doc. 20).

CASE NO. 8:05-CIV-1086-T-17-MAP

The facts as established by the Plaintiff in the motion for partial summary judgment and the reply to the response, which are unopposed by the Defendant except for the objection regarding the lack of filing Exhibit A which has been remedied, are as follows:

> Jeremias Torres did not pay the federal income taxes shown on his filed returns for multiple years beginning in 1998. (Compl. ¶ 9; Exhibit 1, Certificates of Assessments and Payments 1998, 2004-2009, 2011; Decl. of Caryn Silverman ¶ 3.) As a result, a duly authorized delegate of the Internal Revenue Service made assessments against the Torres for federal income tax liabilities, penalties, interest and statutory additions, and gave them notices of the assessments and made demands for payment of the assessments...

> Despite notices of the assessments and demands for payment ..., Jeremias Torres has failed and refused to pay the amounts assessed against him, plus unassessed interest and any other applicable statutory additions provided by law that continue to accrue.  (Compl. ¶ 10-11; Silverman Decl. ¶ 6.) As a consequence, there is due and owing from the Torres, the sum of $259,569.34 as of February 28, 2014, plus accrued interest and statutory additions thereon as allowed by law. (Compl. ¶¶ 10-11; Silverman Decl. ¶ 6-7.) (Doc. 22, pgs. 2-3)

The Court has reviewed the motion for partial summary judgment and the legal arguments asserted by the Plaintiff, to which there has been no opposition from the Defendant Jeremias Torres.  The Court concurs with the legal arguments.   It is established that official records are legally sufficient to establish that an assessment has been made and to show the amount of the assessed liability that remains outstanding. *E.g., United States v. Chila*, 871 F.2d 1015, 1017-18 (11th Cir. 1989). As the motion states: "An assessment of federal income tax by the Internal Revenue Service is presumed valid. *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *Bone v. Comm'r*, 324 F.3d 1289, 1293 (11th Cir. 2003); *United States v. Ryals*, 2005 WL 3338720, *6, 96 A.F.T.R.2d 2005-7344 (December 08, 2005, N.D. Fla.). A taxpayer challenging the assessment bears the burden of overcoming the presumption of correctness and must prove

CASE NO. 8:05-CIV-1086-T-17-MAP

by a preponderance of the evidence that the Commissioner's determinations were incorrect. *Bone*, 324 F.3d at 1293; *see also Olster v. Comm'r*, 751 F.2d 1168, 1174 (11th Cir. 1985) ("[a]bsent a finding that the computational methods used, and therefore the assessment, was arbitrary and without foundation, the tax deficiency is presumptively correct"); *Ryals*, 2005 WL 3338720, *6 ("taxpayer has the burden of proving that the assessment was incorrect as well as the correct amount that the assessment should have been")." Accordingly it is

      **ORDERED** that the motion for partial summary judgment be **granted** and the Clerk of Court shall enter judgment for the Plaintiff and against the Defendant Jeremias Torres stating that he is indebted to the United States for the tax years 1998, 2004-2009 and 2011 in the amount of $259,569.34 as of February 28, 2014, plus unassessed interest and any other statutory additions provided by law that continue to accrue.

      **DONE and ORDERED** in Chambers, in Tampa, Florida, this 3rd day of April, 2014.

*[Signature]*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All
parties and counsel of record