UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 8:13-cv-02372-EAK-MAP

JEREMIAS TORRES, ROSA M. TORRES,
and BANK OF AMERICA

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT

This Cause is before the Court on the motion for summary judgment of the Defendants Jeremias Torres and Rosa Torres (Doc. 43), and the cross-motion for summary judgment of Plaintiff The United States (Doc. 46), and the responses thereto. For the reasons discussed below, the motions must be DENIED.

### I. BACKGROUND AND PROCEDURAL HISTORY

The United States of America filed an action on September 13, 2013 to obtain a judgment against Jeremias Torres for unpaid federal income tax liabilities assessed against him. The United States seeks to foreclose its federal tax liens against Torres' alleged real property located at 4148 Rolling Springs Drive, Tampa Florida 33624 (subject property), and to sell that property to satisfy some of Jeremias Torres' tax debts. The United States named Jeremias Torres' mother, Rosa Torres, as a defendant, for her interest in the property because her son later transferred title to her. The United States also named Bank of America NA as a defendant as a party who also claimed a lien upon

the property pursuant to section 7403(b) of the Internal Revenue Code (Title 26, United States Code). Bank of America conceded that the United States' tax lien is superior to its mortgage interest in the subject property.

## History of Defendants and the Subject Property

On May 7, 1999, World Savings Bank lent Jeremias Torres $140,000.00 to acquire the subject property. The loan was secured by a mortgage on the subject property. Jeremias Torres acquired the subject property by warranty deed dated May 7, 1999. The deed was recorded May 18, 1999, in Hillsborough County, Florida. Jeremias Torres has resided at the subject property uninterrupted since that time. After Jeremias Torres failed to make required payments to World Savings Bank, on February 2, 2001, World Savings Bank initiated proceedings to foreclose its mortgage on the subject property. To prevent her son from losing the subject property, Rosa Torres purchased the home from foreclosure. Rosa Torres, however, has never resided at the subject property. Jeremias Torres transferred title to the subject property to his mother, Rosa M. Torres, by warranty deed on August 13, 2003. World Savings Bank then dismissed the foreclosure proceeding and recorded a release of it mortgage on the subject property.

On August 25, 2004, a delegate of the Secretary of the Treasury properly filed, pursuant to 26 U.S.C. § 6323 and Florida Statute §713.901, a Notice of Federal Tax Lien in the public records of Hillsborough County, Florida against Jeremias Torres based on his 1998 federal income tax liability. On or about May 18, 2006, Rosa Torres executed a Last Will and Testament that bequeathed the subject property to her son, Jeremias Torres. Attorney David W. Magann prepared the will. On November 24, 2008, a delegate of the Secretary of the Treasury properly filed, pursuant to 26 U.S.C. § 6323 and Florida Statute

§713.901, another Notice of Federal Tax Lien in the public records of Hillsborough County, Florida against Jeremias Torres, this time due to his 2004, 2005 and 2006 federal income tax liabilities.

On December 15, 2008, Jeremias Torres prepared a quitclaim deed that was executed by Rosa Torres. On its face, although defendants dispute this fact, the quitclaim deed transfers the property from Rosa Torres to Jeremias Torres. Jeremias Torres then accompanied his mother to the office of the Clerk of Circuit Court for Hillsborough County to record the quitclaim deed. The deed was recorded in the public records for Hillsborough County, Florida on December 15, 2008. Rosa Torres contends that her attorney, David W. Magann, advised her to prepare the quit claim deed in order for her son to acquire the Subject Property upon her death, even though she already had a last will and testament. Mr. Magann denied advising Rosa Torres to execute the quitclaim deed. Specifically, he stated in his deposition "the will is self-evident that I obviously advised her not to do that. I mean, I wouldn't have done the will if quitclaim was in effect."

In 2009, Jeremias Torres fell ill, incurred expenses related to treatment and was unable to meet his obligations. Thereafter, Rosa Torres executed a letter stating "I, Rosa M. Torres, am the sole owner of 4148 Rolling Springs Drive Tampa, FL 33624 and am renting this property to Jeremias Torres in the amount of $700.00 per month." However, Rosa Torres never charged or collected rent from Jeremias Torres. She prepared the letter to help Jeremias show that he had living expenses in order to be eligible for charity help.

3

On May 19, 2010, pursuant to Title 26 U.S.C. § 6323 and Florida Statute § 713.901, another Notice of Federal Tax Lien was filed in Hillsborough County, Florida against Jeremias Torres for his 2008 federal income tax liability. On August 3, 2012, a delegate of the Secretary of the Treasury properly filed, pursuant to 26 U.S.C. § 6323 and Florida Statute § 713.901, another Notice of Federal Tax Lien against Jeremias Torres, this time on account of his 2009, and 2011 federal income tax liabilities. Thereafter, Jeremias Torres executed a quitclaim deed on January 25, 2013 transferring the subject property back to Rosa Torres. The deed was recorded in the public records of Hillsborough County, Florida on March 8, 2013. On April 23, 2013, a delegate of the Secretary of the Treasury properly filed, pursuant to 26 U.S.C. § 6323 and Florida Statute § 713.901, another Notice of Federal Tax Lien in the public records of Hillsborough County, Florida against Jeremias Torres, this one for his 2007 federal income tax liability.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. The Court shall grant a motion for summary judgment if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (a). Under Rule 56(c), summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine if a reasonable jury could find for the non-moving party, and the fact is material if it has the

potential of affecting the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden to make a prima facie showing that it is entitled to summary judgment as a matter of law by using any of the materials delineated in Rule 56(c). *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). When ruling on a motion for summary judgment, the court must construe all evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, an affirmative showing of a lack of a genuine dispute as to any material fact shifts the burden of production to the non-moving party and requires that party to produce materials that demonstrate the existence of a genuine dispute. *Id.* Once the party seeking summary judgment meets its burden pursuant to Rule 56(c), it is the non-moving party who must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-588 (1986). "The plain language of Rule 56(c) mandates the entry of summary judgment... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, at 317. If the moving party does not fully discharge its initial burden of production, the motion for summary judgment must be denied. *Id.* at 332.

### III. DISCUSSION

One of the principal purposes of the summary judgment rule is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). With this in mind, the Court analyzes the cross-motions for summary judgment

on Count II of the Plaintiff's complaint. Pursuant to Title 26 U.S.C. §6321 and §6322 liens for unpaid federal income taxes arose in favor of the United States and continue to attach to any property and rights to property held by Jeremias Torres. Count II of the Plaintiff's Compliant is an action to foreclose those federal liens against the subject property. Plaintiff contends that Jeremias Torres owned the subject property after Rosa Torres transferred title to him by way of a recorded quitclaim deed in Hillsborough County on December 15, 2008. Defendants contend that it is clear from the undisputed facts and from the documents recorded in the public records that Rosa Torres never intended for title to transfer to her son at that time.

Defendants allege that there are no genuine issues of material facts and those undisputed material facts entitle them to judgment as a mater law. The Court disagrees. Defendants contend that there was no transfer of title when the December 15, 2008 quitclaim deed was recorded, because there was no delivery from the grantor to the grantee. "Title to real property under Florida law is transferred upon delivery by the grantor of a valid deed to the grantee." *Major Realty Corp. & Subsidiaries v. C.I.R.*, 749 F.2d 1483, 1486 (11th Cir. 1985). Defendants offer what they suggest is irrefutable evidence that Rosa Torres intended to retain title: (1) she never physically delivered the quitclaim deed to her son; (2) she obtained a mortgage from Bank of America two days after signing the quitclaim deed; (3) she refinanced the mortgage with Bank of America mortgage nearly four years after signing the quitclaim deed; (4) she has made all of the mortgage payments to Bank of America under both mortgages after signing the quitclaim deed; (5) she has contracted for and paid all of the property insurance premiums after signing the quitclaim deed; (6) she has paid

all of the property taxes after signing the quitclaim deed; and (7) she listed the Subject Property for sale with a real estate broker on January 15, 2013.

It is however, for the trier of fact to decide if these are the actions of one who believes she has title to real property or one who seeks to protect her son's interest in the real property. The Defendants have failed to make a prima facie showing that they are entitled to summary judgment as a matter of law because there is room for a genuine issue as to a material fact within the facts presented. Rosa Torres claims she never delivered the deed to Jeremias because she did not intend for it to be effective until her death. This contention cannot be resolved on a motion for summary judgment, especially given the conflicting testimonies. Rosa Torres asserts that she only filed the quitclaim deed because she was advised by Attorney David Magann to do so in order to avoid problems for her son in claiming title to the property at the time of her death. David Magann denies that this ever took place and assures that he would never give such advice, especially since Torres already had a will in which she bequeathed said property to her son. Rosa Torres raises the defense of mistake of fact. This issue must go to the jury.

Without delivery, a deed may be said to be at most a mere proposition to convey. Delivery has been called the life of a deed, precluding title from passing in its absence. *Lance v. Smith*, 123 Fla. 461, 468, (1936). Whether a deed has been delivered and is therefore effective to transfer ownership of real property to the grantee depends on the intent of the grantor. *James v. Mabie*, 819 So. 2d 795, 797 (Fla. 1st DCA 2002). A decision regarding the intent of the grantor of a deed is one of fact, *Parramore v. Parramore*, 371 So.2d 123, 125 (Fla. 1st DCA 1985).

Plaintiff suggests that Florida recognizes the doctrine of constructive delivery and argues that Jeremias Torres' involvement in the recordation of the deed is evidence of constructive delivery, but that will be another issue for the trier of fact. Plaintiff argues that there is no dispute that Rosa Torres executed and recorded a quitclaim deed conveying the subject property to her son, Jeremias Torres and that because he owed unpaid federal taxes at the time, federal tax liens attached to the property when he acquired title. Title 26 U.S.C. §6321; *Glass City Bank v. United States*, 326 U.S. 265, 267 (1945). Because Fla. Stat. § 95.231(1) does not apply to this case and the issue of intent is a question of fact for the jury, and a crucial part in determining whether the delivery of the deed was made, Plaintiffs motion for summary judgment also fails. In the light most favorable to the non-moving party, the plaintiff cannot make an affirmative showing of a lack of genuine dispute as to the issue of intent.

The recording of a deed is equivalent to a formal delivery thereof, in the absence of any showing of fraud on the grantor. *Wise v. Wise*, 134 Fla. 553, 565 (1938). If there is no recordation there is consequently no presumption that delivery was made. *Parramore v. Parramore,* 371 So.2d 123, 125 (Fla. 1st DCA 1985). The movants recognize that there is a dichotomy in Florida Supreme Court cases holding either that a recording equates delivery or that it merely creates a rebuttable presumption. The deeds in the cases where the Florida Supreme Court found that recordation equated delivery, frequently contained a factor other than the recordation, such as recitals of delivery. For example the Court in *Crockett v. Crockett*, 145 Fla. 311, 312-13 (1940), found that where deeds conveying property to the grantor's children contain a recital of delivery and are recorded, there being no showing of fraud on the grantor, there is a legal delivery thereof.

The Court is of the view that recording of a deed alone, "is not equivalent to delivery, but, like possession of it, is prima facie evidence of that fact, subject to be overcome by contrary proof." *Ellis v. Clark*, 39 Fla. 714, 721-22 (1897).

Defendants argue that recordation of a deed creates a rebuttable presumption of delivery. *Ellis v. Clark*, 39 Fla. 714 (1897). It is true that defendant's burden remains a high one for "Presumption of delivery can only be overcome by showing that no delivery was made and no delivery was intended." *Mattox v. Mattox*, 777 So.2d 1041, 1043 (Fla. 5th DCA 2001). Nevertheless, the questions of whether delivery was made or intended remain questions of fact for the jury and, therefore, Plaintiffs have also failed to meet their burden of production.

Proof of delivery is not required to be shown by the deed itself, but may be established by parole evidence. *Lance v. Smith*, 123 Fla. 461, 468 (1936). Defendants' use this rule to argue that proof of non-delivery may also be established by parole evidence. Defendants allege that Rosa Torres always believed that she was the owner of the subject property and that her son Jeremias did not consider himself the owner of the property. That testimony is something that the court cannot rule upon in motion for summary judgment and must be presented to the trier of fact. Accordingly, it is

**ORDERED** that the motion and cross-motion for summary judgment are **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of September, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record